UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-81032-CIV-MARRA/MATTHEWMAN

LEMUEL NELSON,

    Plaintiff,

vs.

SAB ONE LLC, a Florida limited
liability company, JHS ONE LLC,
a Florida limited liability company,
A. BERGMAN JEWELRY, INC., a Florida
corporation, RICHARD ARTHUR BERGERON,
an individual, and OWNER OF TREASURE COAST
ANTIQUES, a fictitious named corporation,

    Defendants.
_____/

## ORDER AND OPINION DENYING "MOTION" TO DISMISS

THIS CAUSE is before the Court upon Defendant A. Bergman Jewelry, Inc.'s Motion to Dismiss Plaintiff's Complaint and For Sanctions Against Plaintiff [DE 5]. The Court has carefully considered the five sentence motion and response. No reply has been filed.

**Introduction**

Plaintiff has brought suit against Defendants for declaratory and injunctive relief, attorney's fees, litigation expenses and costs, pursuant to the American with Disability Act ("ADA"), 42 U.S.C. § 12181, *et seq*.

Defendant A. Bergman Jewelry, Inc.'s ("Bergman") moves to dismiss the complaint arguing it is "not liable to Plaintiff" because it "does not now possess and held no leasehold or ownership interest in any aspect of the property which is the subject of Plaintiff's complaint on the date that Plaintiff filed its complaint." DE 5 at ¶ 2. That is the sum total of Bergman's argument. There is no authority cited or evidence presented to support this argument.

**Standard of Review**

For purposes of deciding a motion to dismiss, the Court accepts the allegations of the complaint as true and views the facts in the light most favorable to the plaintiff. *See, e.g., Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003); *Murphy v. Federal Deposit Ins. Corp.*, 208 F.3d 959, 962 (11th Cir. 2000). "A complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 664 (2009)).

**Discussion**

Defendant's assertion that it is "not liable to Plaintiff" because it does not hold a lease or ownership interest in the subject property is a denial of the allegations of the Complaint. A denial is not a basis or ground to grant a motion to dismiss since the Court is required to accept the all of the allegations of the

complaint as true.[1]  Because Plaintiff has alleged that Defendant operates a place of public accommodation at the location set forth in the complaint and otherwise has stated a valid cause of action, it is hereby

ORDERED AND ADJUDGED that Defendant A. Bergman Jewelry, Inc.'s Motion to Dismiss Plaintiff's Complaint and For Sanctions Against Plaintiff [DE 5] is denied in all respects.  Bergman shall file its answer to the Complaint on or before April 15, 2013.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 8th day of April, 2013.

_____
KENNETH A. MARRA
United States District Judge

---

[1] In response to the motion, Plaintiff has submitted evidentiary materials showing that Bergman operates a place of public accommodation at the unnamed plaza located at 750-756 Northlake Blvd, North Palm Beach, FL.  *See* the business record "2012 For Profit Corporation Annual Report" filed by Bergman with the Secretary of State on April 18, 2012.  DE 6.  It shows Bergman operates a business at 756 Northlake Blvd., North Palm Beach, FL 33408.  Plaintiff has also attached a copy of a Bergman business card indicating the same address.  Additionally, counsel avers that he visited the location and found it open to the public and selling goods to the public. *Id*.  The Court is prohibited from considering these materials in deciding a motion to dismiss which is to be determined solely from a review of the four corners of the complaint.  *See Speaker v. U.S. Dept. of Health and Human Services Centers for Disease Control Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010).